
**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 06 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSUE CANALES,

                        Plaintiff,

              -against-

J. KINGS FOOD SERVICE PROFESSIONALS, INC.,

                        Defendant.
-----------------------------------------------------------------X

Civ. Action No.:

**COMPLAINT**

**CV 12 3346**

Jury Trial Demanded

SPATT, J.
WALL, M.J.

Plaintiff, Josue Canales ("Plaintiff") by and through his attorneys, Frank & Associates, P.C., brings this action against Defendant J. Kings Food Service Professionals, Inc. ("J. Kings") and respectfully alleges, upon knowledge as to his own actions, documents in his possession and information and belief as to all other matters, as follows:

### INTRODUCTION

1. This is an action for injunctive and declaratory relief, as well as other damages, including actual and punitive damages based upon Defendant's violations of the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law ("NYHRL"), N.Y. Executive Law § 296 *et seq.*, and other appropriate rules, regulations, statutes and ordinances.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over the NYHRL claim for unlawful discrimination pursuant to 28 U.S.C. § 1367.

4.  Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) as this action arose, in substantial part, within the Eastern District of New York, where the unlawful employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

## PARTIES

5.  Plaintiff is a resident and domiciliary of the County of Suffolk, State of New York. At all times relevant herein, Plaintiff was an "employee," as defined by the FMLA.

6.  Plaintiff was at all times relevant herein, a "person" within the meaning of the NYHRL.

7.  Plaintiff was an "eligible employee" for purposes of the FMLA.

8.  Defendant J. Kings is a domestic business corporation with its principal place of business located at 700 Furrows Road, Holtsville, NY 11742.

9.  Defendant J. Kings employs more than fifty (50) employees and is an "employer" as defined by the FMLA.

10. Defendant is an "employer" within the meaning of the NYHRL.

## FACTUAL ALLEGATIONS

11. In or around 2005, Plaintiff began working for J. Kings as a warehouse lift operator.

12. Plaintiff consistently performed his duties and responsibilities in a satisfactory manner.

13. From April 4, 2011 through April 4, 2012, Plaintiff worked more than 1,250 hours for Defendant.

<u>Plaintiff Develops a Serious Health Condition</u>

14. On or around March 21, 2012, Plaintiff became ill at work and went to the hospital.

15. At the hospital, Plaintiff was diagnosed with Pneumonia and instructed by his doctor to rest for one (1) week, take his prescribed medication as instructed, and return to work no earlier than March 27, 2012.

16. On or around March 22, 2012, Plaintiff faxed to Defendant's human resources department a note from his doctor advising Defendant of his diagnosis and his doctor's order not to return to work until March 27, 2012.

17. On March 27, 2012, Plaintiff returned to work.

18. Plaintiff again became ill at work and vomited. Plaintiff immediately reported to Defendant's human resources department and was instructed to see a doctor the very same day.

19. Plaintiff reported to Defendant's company doctor who examined Plaintiff and diagnosed him with Pneumonia. The doctor instructed Plaintiff to rest for one (1) week, take his prescribed medication as instructed and return to work on April 4, 2012.

### Defendant's Violation of FMLA and NYHRL

20. The very same day Plaintiff was examined by the company doctor, Plaintiff called Defendant's human resources department and advised the human resource representative of the company doctor's diagnosis and instructions.

21. The human resources representative informed Plaintiff that he was *putting his job at risk* by taking a week off.

22. On or around April 3, 2012, Plaintiff received a telephone call from Defendant's human resources department advising him that his employment was terminated.

23. Although Plaintiff provided medical documentation confirming his serious health condition, Defendant failed to advise Plaintiff of his rights and obligations under the FMLA.

24. Defendant was aware of Plaintiff's need for FMLA-qualified leave, but failed to advise Plaintiff of his right to take leave under the FMLA.

25. Defendant interfered with Plaintiff's rights under the FMLA.

26. Defendant failed to accommodate Plaintiff's disability by not allowing him to take reasonable time off to recover from an illness.

27. Defendant unlawfully terminated Plaintiff because of his requests for FMLA leave and because of his disability or serious illness in violation of the FMLA and NYHRL.

## AS AND FOR A FIRST CAUSE OF ACTION
(Interference with Plaintiff's Rights Under the FMLA)

28. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

29. Plaintiff put Defendant on notice that he qualified for FMLA leave when he notified Defendant of his serious health condition.

30. Plaintiff notified Defendant of his intent to take FMLA-qualified leave.

31. It is unlawful for employers to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right" under the FMLA. 29 U.S.C. § 2615.

32. An employer may not consider the taking of FMLA leave as a negative factor in employment actions.

33. Defendant failed to advise Plaintiff of his right to take leave under the FMLA.

34. Defendant's unlawful treatment of Plaintiff stemmed from his participation in a protected activity, namely his taking FMLA-qualified leave, and was a negative factor leading to his termination.

4

35. Plaintiff suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

36. Defendant willfully violated Plaintiff's rights under the FMLA and, as a result, is liable for liquidated damages.

## AS AND FOR A SECOND CAUSE OF ACTION
(Retaliation in Violation of the FMLA)

37. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

38. It is unlawful for an employer to take adverse action against an employee for exercising his rights under the FMLA.

39. Defendant terminated Plaintiff while he was on medical leave with the purpose of retaliating against him for the exercise of his right to take leave under the FMLA.

40. Plaintiff suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

41. Defendant willfully violated Plaintiff's rights under the FMLA and, as a result, is liable for liquidated damages.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of NYHRL – Failure to Accommodate)

42. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

43. The Executive Law prohibits employers from refusing "to provide reasonable accommodations to the known disabilities of an employee." Executive Law §296(3)(a).

44. Under the regulations adopted pursuant to the Human Rights Law, a current employee experiencing a temporary disability, as did Plaintiff, is protected by the statute where the individual will be able to satisfactorily perform the duties of the job after a reasonable accommodation in the form of a reasonable time for recovery. *See* 9 NYCRR 466.11(i)(1).

45. The regulations impose a duty upon the employer to reasonably accommodate known disabilities, where, as here, the need for the accommodation is known. *See* 9 NYCRR 466.11(j)(3).

46. Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

47. Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the NYHRL.

48. Defendant failed to make reasonable accommodations for Plaintiff's disability by not allowing Plaintiff a reasonable amount of time to recover from an illness.

49. As a proximate result of Defendant's conduct, Plaintiff has suffered and will suffer substantial loss of past and future earnings and other employment benefits.

50. Defendant's conduct was committed in clear disregard of Plaintiff's rights.

51. Plaintiff is entitled to equitable injunctive relief requiring reinstatement to his job, as if he had not been unlawfully terminated.

52. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of NYHRL –Discriminatory Discharge)

53. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

54. Defendant discriminated against Plaintiff on the basis of his disability in violation of the NYHRL, by engaging in a course of conduct which includes wrongful termination of Plaintiff's employment because of his disability or perceived disability.

55. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

56. As a further and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

57. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of actual and compensatory damages in amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction over this matter.

2. Order the Defendants to compensate Plaintiff for his past and future loss of wages and benefits, plus interest;

3. Enter judgment in favor of Plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

4. Enter judgment in favor of Plaintiff for such amount as may be awarded by a jury for punitive damages;

5. Reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

6. Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

7. Grant such additional or alternative relief as may appear to this Court to be just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Farmingdale, New York
June 27, 2012

                Respectfully submitted,

                **FRANK & ASSOCIATES, P.C.**
                *Attorneys for Plaintiff*

By: _____
      Jose G. Santiago (JS 9430)
      500 Bi-County Boulevard, Suite 112N
      Farmingdale, NY 11735
      (631)756-0400